JOHN F. ENGEMANN v. DELAWARE, LACKAWANNA AND
WESTERN RAILROAD COMPANY.

Submitted December 2, 1915—Decided March 6, 1916.

1. Where there is a conflict in the evidence as to where goods were
   to be delivered by vendor to vendee, the question must be sub-
   mitted to the jury in order to determine whether title has passed
   to the vendee.
2. The time required by a common carrier other than the defendant
   to transport goods between two points is evidence of the time
   that ought to be taken by the defendant.
3. A jury may infer without further proof that eight days is an
   unreasonable time for the transportation of goods by rail a
   distance of less than one hundred miles.

On appeal from the Warren Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and BERGEN.

For the plaintiff, *John H. Dahlke.*

For the defendant-appellant, *Frederic B. Scott.*

The opinion of the court was delivered by

SWAYZE, J. This was an action for damages caused by
failure to deliver promptly a carload of onions. It was
brought by the consignor. Both consignor and consignee
testified that the goods were to be delivered to the consignee
at Brooklyn, the point of destination. But there was evidence
that the contract was for a delivery at Alphano, the point of
shipment, and that the consignees were to pay the freight.
This presented an issue which should have been submitted to
the jury. *Sale of Goods act, Comp. Stat.,* p. 4652, § 19, rule
5; *Willis. Sales,* § 280. The trial judge seems to have
thought that the title did not pass as between vendor and

vendee until the carrier ceased to be liable as such and that the case was controlled by *Burr* v. *Adams Express Co.*, 71 N. J. L. 263. This was error, and if the defendants had excepted to the ruling or requested that the question of fact be submitted to the jury, there would have been ground for reversal. But the defendant relied, and now relies, upon a request to direct a verdict. The trial judge was not required to do this; to do so would have been error. We cannot, therefore, reverse on the first ground alleged.

The second ground is that there was no proof of such delay as would make the carrier liable. The argument is that proof of the time taken for a shipment by the Pennsylvania railroad is no evidence of the time that ought to be taken by the Lackawanna railroad. With this we cannot agree. It is surely some evidence, and we think that a jury would be justified in finding even without evidence that eight days was an unreasonable time to transport goods by rail a distance of less than one hundred miles.

We find no legal error that requires reversal. The judgment is affirmed, with costs.